UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIANTA McKNIGHT,<br><br>        Petitioner,<br><br>   v.<br><br>JOHN MONDAY, Executive Director, Board of Parole Hearings,<br><br>        Respondent. | 1:09-cv-1315-SKO-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

    Petitioner is a state prisoner who is confined in Chowchilla and proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-303.  Pending before the Court is Petitioner's petition, which was filed on May 6, 2009, and transferred to this Court on July 20, 2009. The petition concerns the denial of Petitioner's parole on September 10, 2007, by the Board of Parole Hearings (Pet. 12.)

    I. Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.    Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner named as Respondent John Monday, Executive Director, Board of Parole Hearings.  Petitioner is incarcerated at the Valley State Prison for Women located in Chowchilla, California.  The warden at that facility is Tina Hornbeak.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of her as the respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the

person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id. However, in a proceeding pursuant to § 2254 challenging a decision of the California Board of Parole Hearings' to deny parole to a petitioner who is a state prison inmate, the proper respondent is the state officer with immediate custody of the prisoner, and specifically, the warden at the institution of confinement. Oluwa v. Evans, 2008 WL 5411204, *1 (N.D.Cal. Dec. 29, 2008).

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may

name the proper respondent in this action.

### III. Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   May 24, 2010**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE