UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIANTA McKNIGHT, | ) | 1:09-cv—1315-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | WITHOUT PREJUDICE FOR FAILURE TO |
| | ) | EXHAUST STATE COURT REMEDIES |
| v. | ) | (Doc. 1) |
| | ) | |
| TINA HORNBEAK, Warden of | ) | ORDER DECLINING TO ISSUE A |
| Valley State Prison for Women, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE ACTION |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 10, 2009 (doc. 4). Pending before the Court is Petitioner's petition, which was filed on May 6, 2009, and transferred to this Court on July 20, 2009. The petition concerns the denial of Petitioner's parole on September 10, 2007, by the Board of Parole Hearings (Pet. 12.)

1

I.   <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.   <u>Exhaustion of State Judicial Remedies</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>,

133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

4

1  amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.
2  2001).

3  Where none of a petitioner's claims has been presented to
4  the highest state court as required by the exhaustion doctrine,
5  the Court must dismiss the petition. Raspberry v. Garcia, 448
6  F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
7  481 (9th Cir. 2001). The authority of a court to hold a mixed
8  petition in abeyance pending exhaustion of the unexhausted claims
9  has not been extended to petitions that contain no exhausted
10 claims. Raspberry, 448 F.3d at 1154.

11 Attached to the petition in this case is an order of the
12 Superior Court of the County of San Mateo filed March 3, 2009,
13 denying a petition for writ of habeas corpus filed by Petitioner
14 concerning the claims filed in the petition pending before this
15 Court. (Pet. 173-80.) However, Petitioner does not specifically
16 describe any other proceedings in the state courts in which she
17 exhausted her claims. The petition is not on the customary form,
18 so Petitioner did not respond directly to the issue of exhaustion
19 in the state courts.

20 Because it appeared that Petitioner had not exhausted her
21 claim or claims in the state courts, on July 9, 2010, this Court
22 issued an order to Petitioner to show cause within thirty days
23 why the petition should not be dismissed for lack of exhaustion
24 of administrative remedies. The order was served by mail on
25 Petitioner on July 9, 2010. Although the period for responding
26 to the order to show cause has passed, Petitioner has not
27 responded to the order. Further, a check of the docket of the
28 California Supreme Court on August 27, 2010, by viewing the

5

1 official website (www.courtinfo.ca.gov), revealed that nothing
2 has been filed by Petitioner within the pertinent time period.[1]
3   Therefore, the Court concludes that Petitioner has not
4 presented her claims to the California Supreme Court. Because no
5 exhausted claim is presented in the instant petition, the
6 petition must be dismissed. Raspberry v. Garcia, 448 F.3d 1150,
7 1154 (9th Cir. 2006).
8   III.  Certificate of Appealability
9   Unless a circuit justice or judge issues a certificate of
10 appealability, an appeal may not be taken to the court of appeals
11 from the final order in a habeas proceeding in which the
12 detention complained of arises out of process issued by a state
13 court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
14 U.S. 322, 336 (2003). A certificate of appealability may issue
15 only if the applicant makes a substantial showing of the denial
16 of a constitutional right. § 2253(c)(2). Under this standard, a
17 petitioner must show that reasonable jurists could debate whether
18 the petition should have been resolved in a different manner or
19 that the issues presented were adequate to deserve encouragement
20 to proceed further. Miller-El v. Cockrell, 537 U.S. at 336
21 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A
22 certificate should issue if the Petitioner shows that jurists of
23 reason would find it debatable whether: (1) the petition states a
24 valid claim of the denial of a constitutional right, and (2) the
25 district court was correct in any procedural ruling. Slack v.
26 McDaniel, 529 U.S. 473, 483-84 (2000). In determining this

---

[1] It is appropriate to take judicial notice of a docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010).

6

issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases. Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court DECLINES to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED without prejudice for failure to exhaust state court remedies; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   September 7, 2010**                       /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE